## A. J. Mason vs. W. R. Tinsley & others.

### April Term, 1873.

SALE OF PROPERTY OF PERSONS UNDER DISABILITY.—The provision of the Code, § 3338, which makes it the duty of the court to see that the proceeds of the sale of property of persons under disability, sold under its orders, are re-invested, and held in the same manner, and subject to the same rules of descent and distribution as the property sold, is mandatory, and cannot be complied with unless the proceeds of sale are paid into court to be held subject to its orders.

SAME.—Where, therefore, a father has sold the realty of his infant children without a previous order of court, and files his bill to have the sale confirmed upon the ground that it is manifestly for the interest of the children, the court will not entertain the application until the proceeds of sale are first brought into court.

*A. S. Colyar,* for complainant.
*Wirt Hughes,* for the infant defendants.

THE CHANCELLOR :—This is a bill filed by a father against his minor children, to have a sale of their real estate in this county made by him to the defendants, the Tinsleys, ratified by this court. The land belonged to the wife of the complainant and mother of the infant defendants, and was sold, the bill alleges, in her life time and with her consent in order to invest the proceeds in land in Franklin county where they lived, but she did not join in the title bond given to the purchaser, and died before any deed was made. The greater part of the purchase-money has been paid to complainant. The children are without any general guardian, and are nine in number. The complainant as their father and natural guardian, having the interest of his children at heart, seeks to have the sale ratified as being manifestly for their interest upon the ground that "if now sold the land would not bring anything like the same money." Process was duly served upon all the children and a guardian *ad litem* appointed for them, who has filed an answer. Two of the children, claiming to be over fourteen years of age, have filed answers for themselves also. The bill is not sworn to, nor does it contain the particulars required by the Code, § 3329, touching the age, circumstances, and condition of

the infants. Upon a reference to the master to ascertain and report whether it was manifestly to the interest of the infant defendants that the sale should be confirmed, the depositions of the complainant and of two of the maternal uncles of the infants were taken. These depositions do establish the fact relied on in the bill that the price at which the land was sold to the Tinsleys was a full and fair one, and more than the property would probably now bring. They also show that the tract of land in question consists of sixty-eight acres, and was the share of the mother of the infant defendants in her father's estate, and that there were good reasons why the sale should be made in view of the fact that the complainant and his children lived in the county of Franklin, and the proceeds of sale could be invested nearer to their home and better to their advantage. The maternal uncles of the infant defendants are, it would naturally seem, unexceptionable witnesses, who could have no interest to testify to the prejudice of their sister's children. They endorse the good character and substantial independence of the complainant. Under these circumstances the clerk and master seems to be well warranted in reporting that the sale should be confirmed as manifestly for the interest of the minors.

Judicial opinion in this state, as well as out of it, vacillated upon the point whether the court of chancery has the inherent power to sell the real estate of infants, when essential to their welfare, or necessary for their support. *Rogers* v. *Clark*, 5 Sneed, 668; 3 W. & T. Lead. C. Eq., p. 269; Adam's Eq. 285; *G. C. Brown, ex parte*, 8 Hum. 207. But it is well settled that a sale, under legislative authority, whether the jurisdiction be by general statute or special grant, will be void if it fall beyond the limits of the power thus conferred. That is to say, a sale beyond the jurisdiction of the court which decrees it will be void. *Frazier* v. *Pankey*, 1 Swan, 75; *Davidson* v. *Bowden*, 5 Sneed, 129; *Rogers* v. *Clark*, 5 Sneed, 668; *Grignon* v. *Astor*, 2 How. U. S. 319. On the other hand, where the jurisdiction exists, the sale

will not be vitiated by an irregularity in its exercise.  *Mc-Gavock* v. *Bell*, 3 Cold. 512 ; *Kirkman, ex parte*, 3 Head, 517.

The jurisdiction of this court to sell the real estate of infants for their support, education and maintenance, or because manifestly for their interest, rests entirely upon the Code, § 3324, *et seq.*  The application must be by "general guardian," and the bill must be sworn to, and set forth "fully and particularly" certain details.  §§ 3324, 3329.  How far these provisions are mandatory so as to be essential to jurisdiction, and how far they are merely directory has not yet been judicially determined.  I have myself been inclined to think, in view of the language of § 3336, that most of them are directory, and that a bill might be entertained, under circumstances, which was not filed by a general guardian, but by a next friend.  And certainly if such a construction be admissible it would be in a case like the present where the next friend is the guardian by nature, and of unexceptionable character.  It is not necessary, however, at present to decide this point and I will reserve it for further consideration.

There is one provision of this chapter of the Code which is in its very nature imperative.  By § 3338 it is made the duty of the court, in sales made under this chapter, to see that the proceeds are reinvested for the benefit of the infants, and held in the same manner, and subject to the same rules of descent and distributions as the property which was sold.  This duty cannot be complied with unless the proceeds of sale are paid into court and held subject to its orders.  I cannot, therefore, ratify the sale in this case until the purchase-money of the land has been paid into court.  All further proceedings must be suspended until this prerequisite to the exercise of the jurisdiction of the court is complied with.  The complainant is, no doubt, entitled, as tenant by curtesy of the land, to the interest of the fund derived from its sale during life.  If this be so, it will only be necessary to pay the *corpus* of the fund into court.  The

mode of investment of such funds is limited by § 3338 of the Code to other lands, bonds of the State or of the United States, or loan on good mortgages of realty. Instead of paying the money into court, the complainant may execute his note to the clerk and master for the purchase-money received by him, secured by a mortgage on unencumbered realty of the value of at least double the amount of the debt, on condition that he pays the expenses of examining title, and of drawing, executing, procuring and registering such mortgage. It will be referred to the clerk and master to ascertain and report what portion of the purchase-money has been received by the complainant, and how much still remains unpaid. He will also be authorized to receive the purchase-money if paid into court, or to take the note, secured by mortgage as aforesaid, of the complainant for the purchase-money received by him, or, if he chooses to give it, for the whole of such purchase-money, in which event he will be authorized to collect the residue from the purchasers. The clerk and master will make report to this term if practicable, and if not to the next, and until the coming in of his report all other matters will be reserved.